Filed 5/25/22  P. v. Cleveland CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>  v.<br><br>JAMES BYRON CLEVELAND,<br><br>        Defendant and Appellant. | C093772<br><br>(Super. Ct. No. S19CRF0015) |

Appointed counsel for defendant James Byron Cleveland has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant was charged with murder (Pen. Code, § 187, subd. (a))[1] with the special allegations that he inflicted great bodily injury (§ 1203.075), used a deadly and

---

[1]        Undesignated statutory references are to the Penal Code.

1

dangerous weapon (§ 12022, subd. (b)(1)), and the victim of the great bodily injury was a vulnerable victim (§ 1203.09, subd. (a)).

On February 12, 2019, a report of a licensed psychologist was filed that concluded defendant "did present on the evaluation as competent to stand trial" and "would likely not qualify for an insanity defense."

On May 26, 2020, defendant waived his right to a jury trial.

At the three-day court trial, witnesses testified to seeing defendant kneeling on or near Valorie Turley and hitting her multiple times in the head with a log. Defendant had gotten the log from a stack of firewood about 10 steps away from where he eventually struck Turley. Turley died from blunt force trauma to her head.

Defendant testified that he got into an argument with Turley, who was living with his roommate, and he "just snapped." But he did not recall anything that happened after the argument.

The psychologist testified defendant had a mental disorder that made him less able to form a specific intent, but an "individual with this mental disorder would not be precluded from having—from being capable of forming that specific intent."

The trial court found defendant guilty of first degree murder and found true he personally inflicted great bodily injury and used a deadly and dangerous weapon, but did not find true that he inflicted great bodily injury on a vulnerable victim.

On March 19, 2021, the trial court sentenced defendant to 25 years to life for the murder plus one year for the use of a dangerous weapon enhancement. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 stayed parole revocation restitution fine (§ 1202.45), a $40 stayed court operations assessment (§ 1465.8, subd. (a)(1)), and a stayed $30 critical needs assessment (Gov. Code, § 70373).

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to

2

review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant, and accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.


      KRAUSE      , J.


We concur:


      HULL      , Acting P. J.


      MAURO      , J.